# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

RUSSELL LEE HUNT     MOVANT/DEFENDANT

V.     CIVIL NO.5:11-CV-193
    CRIMINAL NO. 5:07-CR-22

UNITED STATES OF AMERICA     RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION

This matter is before the Court upon the United States' motion to dismiss petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (DN 276). Movant/Defendant has responded (DN 277). Because Movant/Defendant knowingly waived his right to collaterally attack his sentence under 28 U.S.C. § 2255, the United States' motion to dismiss (DN 276) is GRANTED.

## BACKGROUND

Movant/Defendant Hunt pled guilty to conspiracy to possess with intent to distribute methamphetamine on February 15, 2008. DN 154. The plea agreement stated, in relevant part:

> Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) the contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 for ineffective counsel or otherwise.

Plea Agreement, DN 144 at ¶ 12. The parties concluded that the Applicable Offense Level was 34, with a 3-point reduction for Acceptance of Responsibility. *Id*. at ¶ 11(A). The Plea Agreement further stated that the criminal history of the defendant would be determined upon completion of the presentence investigation, and that both parties reserved the right to object to the U.S.S.G. § 4A1.1 calculation of the defendant's criminal history. *Id*. at ¶ 11(B). In exchange

for the plea of guilty, the United States agreed to recommend a sentence and a fine at the low end of the applicable Guideline Range, recommend a 3-level reduction for acceptance of responsibility, and agree not to seek an enhancement of the sentence pursuant to 21 U.S.C. § 851.

On June 16, 2008, Hunt's counsel, Gary Haverstock, objected to the Pre-Sentence Report ("PSR"). Specifically, Mr. Haverstock objected to two recency points assessed pursuant to § 4A1.1(d) which placed Hunt in a criminal history level IV. In July 2008, this Court adopted the PSR and sentenced Hunt to 188 months imprisonment. DN 200.

Hunt then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (DN 273). In his motion to vacate, Hunt contends that his counsel was ineffective for failing to object to four points assessed towards Hunt's criminal history category pursuant to § 4A1.1(c). These points were assessed for four misdemeanor convictions. Hunt argues that his counsel was ineffective in failing to object to the points assessed for these convictions because he was not afforded the representation of counsel for at least some of these offenses.[1] Thus, Hunt contends that his guidelines range would have been 168 to 210 months instead of 188 to 235 months. In his motion, Hunt further states that the basis for his § 2255 motion was only recently discovered after he diligently pursued this matter for nearly three years.

## DISCUSSION

The government moves this Court to dismiss Hunt's § 2255 motion on the grounds that (1) Hunt knowingly and voluntarily waived his right to collaterally attack his conviction and sentence, and (2) Hunt's motion is barred by the AEDPA statute of limitations. Because the Court finds that Hunt knowingly and voluntarily waived his right to collaterally attack his

---

[1] The PSR indicates that, for three of the complained of convictions, "Court records do not indicate representation of counsel." DN 201.

conviction and sentence, it is not necessary to determine whether Hunt's motion is barred by the AEDPA statute of limitations.

**1. Whether Defendant Waived Right to Collaterally Attack Sentence**

It is well established that a criminal defendant may lawfully waive any right, statutory or constitutional, in a plea agreement with the government so long as the defendant's waiver is both knowing and voluntary. *See United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008). The Sixth Circuit has held that "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Davila v. United States* 258 F.3d 448, 451 (6th Cir. 2001). To determine whether a waiver is knowing and voluntary, the Court will look to the totality of the circumstances surrounding such waiver. *Berry v. Mindzes,* 726 F.2d 1142, 1149 (6th Cir.1984). A waiver ordinarily will be held to be knowing, intelligent and voluntary if a criminal defendant fully understands the nature of the rights to be surrendered and how such a waiver would generally apply, even though he or she may not know all of the specific consequences that flow therefrom. *United States v. Ruiz,* 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). However, a § 2255 waiver does not bar challenges which go to the validity of the guilty plea itself, such as claims that a guilty plea or waiver was not knowing or voluntary, or was the product of ineffective assistance of counsel. *See In re Acosta*, 480 F.3d 421, 422 n.2 (6th Cir. 2007).

Here, paragraph 12 of the plea agreement states that Hunt expressly waived his right to collaterally attack his sentence, including an attack based on claims of ineffective assistance of counsel. Plea Agreement, DN 144 at ¶ 12. Nevertheless, Hunt contends that, but for his counsel's ineffectiveness, the four disputed criminal history points "would not have been

incorporated into the plea agreement from its inception and Movant and the United States could still had [sic] the agreement that was agreed upon." DN 277 at p. 10. However, Hunt's criminal history level was not incorporated into the plea agreement because it had not yet been determined. The plea agreement expressly stated that Hunt's criminal history level would be determined upon the completion of the pre-sentence investigation. Plea Agreement, DN 144 at ¶ 11(B). Thus, Hunt's argument is without merit.

Hunt's claims of ineffective assistance of counsel relate to his counsel's performance at sentencing. In *Davila*, the defendant claimed that his counsel ineffectively assisted him when he failed to move for a downward departure, failed to object to the use of the money laundering sentencing guideline, and failed to argue for the use of the fraud sentencing guideline. 258 F.3d at 451. The Sixth Circuit found that the defendant waived his right to bring a § 2255 motion for ineffective assistance of counsel when he entered the plea agreement knowingly, intelligently, and voluntarily. *Id*. at 452. Implicit in this holding was that the defendant's ineffective assistance of counsel claims at the sentencing phase did not affect the validity of the guilty plea.

Likewise, in this case, Hunt's claims of ineffective assistance of counsel at the sentencing stage have no bearing on whether he entered his guilty plea knowingly and voluntarily. By signing the plea agreement, Hunt attested that he read and carefully reviewed every part of the agreement with his attorney, that he fully understood it, and that he voluntarily agreed to its terms. DN 144 at p. 14. The Court, in accepting Hunt's plea of guilty, found that he was competent to enter the plea and wished to waive his constitutional rights. Hunt does not contend that he did not understand the nature of the rights he waived or did not understand how the § 2255 waiver would generally apply. The alleged failure of Hunt's counsel to make certain objections at sentencing, five months after Hunt pled guilty, did not retroactively affect the

knowing and voluntary nature of the guilty plea.  The Court finds that Hunt knowingly and voluntarily waived his right to attack his conviction or sentence under 28 U.S.C. § 2255. Accordingly, Hunt is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255.

2.  **Certificate of Appealability**

In the event Hunt wishes to appeal any aspect of this Court's decision, he is required to obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(b); Fed. R.App. P. 22(b). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  *See* Rule 11 of the Rules Governing Section 2255 Proceedings.

When a district court dismisses a petition on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further.  *Id.*  In such a case, no appeal is warranted.  *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable.  Thus, a certificate of appealability will be denied.

## CONCLUSION

For the foregoing reasons, the Court concludes that Hunt waived his right to collaterally attack his sentence.  Accordingly, the United States' motion to dismiss is GRANTED and Hunt's motion pursuant to § 2255 is DISMISSED.