# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:07-CR-22

UNITED STATES OF AMERICA                                                                       PLAINTIFF

V.

RUSSELL LEE HUNT                                                                            DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon Defendant Russell Lee Hunt's motion to alter, amend, or vacate the Memorandum Opinion & Order issued by this Court on May 1, 2012. The United States has responded. For the following reasons, Defendant's motion (DN 284) is DENIED.

## BACKGROUND

Pursuant to a plea agreement, Hunt pled guilty to conspiracy to possess with intent to distribute methamphetamine on February 15, 2008. The plea agreement stated, in relevant part:

> Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) the contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 for ineffective counsel or otherwise.

Plea Agreement, DN 144 at ¶ 12.

Three years after Hunt was sentenced to 188 months imprisonment, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (DN 273). In his motion to vacate, Hunt argued that his counsel was ineffective for failing to object to four points assessed towards his criminal history category which resulted in an increase in the guidelines range from 168 to 210 months to 188 to 235 months.

1

The government then moved this Court to dismiss Hunt's § 2255 motion on the grounds that he knowingly and voluntarily waived his right to collaterally attack his conviction and sentence. This Court agreed, stating that Hunt's claims of ineffective assistance of counsel at the sentencing phase did not retroactively affect the validity of the guilty plea entered into five months prior to sentencing. The Court thus found that Hunt knowingly and voluntarily waived his right to attack his conviction or sentence under 28 U.S.C. § 2255 and was precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255. According, the Court granted the government's motion to dismiss. Hunt now moves this Court to vacate its judgment pursuant to Federal Rules of Civil Procedure 59(e).

## STANDARD

A court may grant a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A Rule 59(e) motion does not provide plaintiffs another opportunity to argue the merits of their case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## ANALYSIS

Hunt states that alteration or amendment of this Court's order dismissing his 28 U.S.C. § 2255 motion is necessary to correct a clear error of law or to prevent manifest injustice. In support of this position, Hunt contends that this Court failed to consider the recognized exception

2

to enforcement of a waiver of a right to appeal – when counsel's ineffectiveness renders a guilty plea involuntary or unintelligent. Hunt argues that this exception applies here, maintaining that this "Court must consider counsel's ineffectiveness in counseling Defendant into accepting the plea of guilty, which had counsel been effective, produces a Guideline range of 168 to 210 months, prior to holding Defendant to the waiver provision of the plea agreement." DN 284 at p. 5. Hunt contends that this "Court must find that Defendant's plea of guilty was not knowing and intelligent due to the very fact that more competent counsel would have made the United States aware of the [uncounseled misdemeanor convictions], and began bargaining from that point. Intelligence, would, in Defendant's world consist of his receiving a term of imprisonment substantially lower than the term of imprisonment he entered into [thinking that he could receive no less, as he was advised by his ineffec[tive] counsel." *Id.*

Despite Hunt's assertions to the contrary, this Court did recognize such an exception in its Memorandum Opinion, noting that "a § 2255 waiver does not bar challenges which go to the validity of the guilty plea itself, such as claims that a guilty plea or waiver was not knowing or voluntary, or was the product of ineffective assistance of counsel." Memorandum Opinion, DN 282 at p. 3. However, this Court found that Hunt's counsel's alleged ineffectiveness at the sentencing phase did not retroactively affect the voluntary or knowing nature of his guilty plea. Hunt appears to now argue that his counsel's alleged ineffectiveness affected the knowing and voluntary nature of the guilty plea because his counsel "was ineffective in allowing [him] to enter the plea agreement in this case, prior to considering the [enhancements] applied to Defendant's sentence by way of the § 4A1.1(c) criminal history points." DN 284 at p. 6.

As previously explained by this Court, Hunt's claims of ineffective assistance of counsel relate to his counsel's performance at sentencing. The plea agreement entered into by Hunt and

3

the government did not contemplate a specific guidelines range, but expressly stated that Hunt's criminal history level would be determined upon the completion of the pre-sentence investigation. Plea Agreement, DN 144 at ¶ 11(B). Thus, the "applicable guidelines range" had not yet been determined. Hunt's argument, therefore, that his guilty plea was somehow the result of a guidelines range that was higher than it ought to have been, is meritless. The entry of Hunt's guilty plea could not have been the result of his counsel's alleged ineffectiveness, because the acts constituting Hunt's claims of ineffective assistance of counsel did not occur until several months afterwards when the applicable guidelines range was calculated and determined by this Court at sentencing. There is nothing in the record to indicate that Hunt did not understand the scope of his waiver of right to collaterally attack his conviction and guilty plea. Accordingly, there is no basis for this Court to amend or modify its Order dismissing Hunt's § 2255 motion.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Hunt's motion to alter, amend, or vacate the Memorandum Opinion & Order issued by this Court on May 1, 2012 (DN 284) is DENIED.